UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY A. FARMER
on behalf of T.A.P., a minor,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Case No. 1:09-CV-631

HON. GORDON J. QUIST

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's objections to the report and recommendation issued July 26, 2010 by Magistrate Judge Brenneman, and the Commissioner's response. In his report and recommendation, the magistrate judge recommended that the Commissioner's decision denying Plaintiff's request for social security benefits be affirmed. Plaintiff raised three issues: (1) that the Administrative Law Judge (ALJ) should have granted her request for a consultative examination to fully address her claim of attention deficit hyperactivity disorder (ADHD); (2) that the ALJ should have found "marked" or "severe" limitations in reviewing the six domains of functioning; and (3) that the ALJ failed to properly review the credibility of Plaintiff's symptoms. After conducting a *de novo* review of the report and recommendation, Plaintiff's objections, Commissioner's response, and pertinent portions of the record, the Court concludes that the report and recommendation should be adopted.

Plaintiff objects to the magistrate judge's conclusion that the ALJ properly exercised his discretion in denying her request for a consultative evaluation. Plaintiff asserts that there was sufficient conflicting evidence as to the existence and severity of ADHD that the ALJ should have

ordered an evaluation. The Court finds no reason to reject the magistrate judge's conclusion. Although the regulations permit an ALJ to order a consultative evaluation to resolve a conflict or ambiguity in the evidence, 20 C.F.R. § 416.919a(a)(2), the ALJ is not required to do so "unless the record establishes that such an examination is *necessary* to enable the [ALJ] to make the disability decision." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1997)). As the ALJ noted, no medical evidence supported that Plaintiff suffered from ADHD, nor had any educational or treating source referenced the condition. (AR 18.) As such, the ALJ properly exercised his discretion in denying Plaintiff's request for a consultative evaluation. *See Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (requiring objective evidence in the record supporting that a condition exists before further investigation would be warranted)*; see also Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990) (noting that "broad latitude" is granted in deciding whether to order a consultative examination).

Plaintiff also objects to the magistrate judge's conclusion that substantial evidence supported the ALJ's decision that Plaintiff's limitations on the six domains did not meet the requirements for a disability. Plaintiff argues that "the evidence supports at the very least 'Marked Limitations' in at least two of the six domains or an 'Extreme Limitation' in one," but fails to identify which of the six domains are so supported or by what evidence. The Court disagrees. The ALJ made clear the evidence on which he based his decision, (*see* AR 20-25), and the Court finds the evidence to be substantial. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations marks omitted).

Finally, Plaintiff objects to the magistrate judge's conclusion that the ALJ properly discounted the credibility of the evidence on Plaintiff's symptoms. Plaintiff's entire objection

2

consists of one sentence: "Finally without belaboring the point and for the reasons set forth in counsel's briefs, the ALJ's analysis of the credibility of Plaintiff and her parents did not satisfy the requirements as set forth in *SSR-96-7p and Rogers v Comm'r of Social Security*, 486 F.3rd 234 (6th Cir. 2007)." (Pl.'s Objection at 3.)  Plaintiff's brief, in turn, states that "the ALJ failed to give specific reasons for the finding on credibility." (Pl.'s Br. at 5.)  The Court disagrees.  Indeed the magistrate judge pointed to several inconsistencies in the record.  To cite but one example, although Plaintiff's parents alleged behavioral problems, "no treating or educational source ha[d] referenced the same" and "claimant's teacher said that she has no problem playing cooperatively, asking appropriate permission, expressing anger appropriately and taking turns." (AR 20.)  "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  The Court finds no compelling reason to reject the ALJ's credibility determination. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987) (noting that an ALJ's credibility determination "should not be discarded lightly.").  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 13) is **ADOPTED** as the Opinion of the Court.  The Commissioner's decision is **AFFIRMED**.

This case is closed.


Dated:  September 29, 2010                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE